JAMES ROBBINS *v.* STATE OF INDIANA.

[No. 475S107. Filed May 14, 1976. Rehearing denied August 19, 1976.]

*David P. Freund,* Deputy Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, *John R. O'Bryan,* Deputy Attorney General, for appellee.

GIVAN, C.J.—On January 9, 1967, the appellant was charged by indictment with the crimes of kidnapping, rape and the commission of a felony while armed with a deadly weapon,

all three crimes growing out of a single occurrence involving the kidnapping and rape of a child under the age of sixteen years. Trial by jury resulted in a finding of guilty on all three counts. The trial court sentenced the appellant to life imprisonment on the kidnapping charge, to fifteen years' imprisonment on the charge of the use of a deadly weapon and withheld judgment on the charge of rape.

Appellant appealed from that conviction and on November 6, 1968, this Court certified its opinion to the trial court affirming defendant's conviction.

On June 15, 1970, the appellant filed a petition for post-conviction relief in forma pauperis in the trial court. He was represented by the State Public Defender in the hearing resulting from the filing of said petition. After evidentiary hearing, the trial court denied appellant's petition. An appeal was taken from this denial and on November 17, 1971, this Court certified its opinion to the trial court affirming the denial of the post-conviction relief.

On October 21, 1974, the appellant filed a second petition for post-conviction relief. The trial court refused petitioner a hearing and denied his petition pursuant to post-conviction relief Rule 1, § 4(e), which reads as follows: "If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings."

In his petition filed with the trial court, the appellant alleged the State Public Defender was incompetent in representing him at the first post-conviction hearing in that the public defender did not raise the question of misjoinder of counts in a single indictment. He likewise claims his trial counsel was incompetent in his original trial in failing to file a motion to quash the indictment on the basis of a misjoinder of the three separate counts in the indictment. Appellant's contention is erroneous in this regard. He has cited the cases of *Griffith* v. *State*, (1871) 36 Ind. 406; *McGregor* v. *State*, (1860) 16 Ind. 9; and *Strickland* v. *State*, (1940)

217 Ind. 588, 29 N.E.2d 950. However, in each of these cases this Court held that it was improper to charge separate and unrelated crimes in the same indictment or affidavit. However, in the case at bar the separate crimes were all committed by the appellant in a single series of events, on the same day, involving the same person. Such a charge is entirely proper. *Lee* v. *State,* (1938) 213 Ind. 352, 12 N.E.2d 949; *Knox* v. *State,* (1905) 164 Ind. 226, 73 N.E. 255.

It is obvious from the pleadings filed in this case that appellant had no grounds for relief; no case of incompetency can be made against appellant's attorneys for failure to raise a question which has no merit on its face.

Appellant also claims the trial court erred in failing to have a hearing to determine factual matters in the case at bar. As above pointed out, the pleadings themselves demonstrated clearly as a matter of law there was no relief available to the appellant on his second petition for post-conviction relief. The trial court was, therefore, correct in applying post-conviction Rule 1, § 4(e) and summarily dismissing the petition.

The trial court is, in all things, affirmed.

Arterburn, DeBruler, Prentice and Hunter, JJ., concur.

NOTE.—Reported at 346 N.E.2d 251.