ROY BAKER *v.* STATE OF INDIANA.

[No. 1275S379. Filed September 30, 1976.]

*Max Cohen,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant appeals from the summary denial of his P.C. 1 petition. Appellant was convicted of the second degree murder of his wife. A direct appeal to this Court resulted in an affirmance of appellant's conviction. See *Baker* v. *State,* (1973) 260 Ind. 445, 298 N.E.2d 445, 301 N.E.2d 191, 37 Ind. Dec. 453, 38 Ind. Dec. 585.

In his P.C. 1 petition appellant stated as his grounds for setting aside his conviction that there existed evidence of material facts not previously presented and heard. Specifically that:

> "After conviction, petitioner submitted to polygraph examination which establishes his innocence of the crime charged. Petitioner was willing to submit to a polygraph examination before trial but his trial counsel advised him not to submit to such an examination unless the State of Indiana would agree to dismiss the prosecution if the polygraph examination established his innocence. The State of Indiana refused to agree to that condition and petitioner, upon the advice of his trial counsel, did not submit to a polygraph examination prior to trial.
>
> "Evidence of fibers attached to a wire woven cable was not submitted to a competent laboratory for examination. Petitioner believes that, if such an examination were made, it would establish that the fibers attached to said wire woven cable and those fibers from work gloves were not identical."

Appellant combines his specifications of errors and threats them as one, namely, that the court erred in treating the State's "Motion to Dismiss or Strike" as a motion for summary judgment and thereafter entering summary judgment against petitioner-appellant without the benefit of an evidentiary hearing.

Rule P.C. 1, § 4(e) provides that if the pleadings conclusively show that the petitioner is entitled to no relief the court may deny relief without further proceedings. The motion filed by the State merely drew the Court's attention to the inadequacies of appellant's petition. The concluding paragraph of the Court's specific findings of fact indicates that the Court's determination was based on the fact that the pleadings conclusively showed that the petitioner was not entitled to relief. Thus the sole question is whether the petition established a ground for relief.

When newly discovered evidence is raised pursuant to Rule P.C. 1, § 1(a)(4), the petitioner must establish each of the following:

". . . '(1) that the evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result.' " *Torrence* v. *State,* (1975) 263 Ind. 202, 328 N.E.2d 214 at 217, 47 Ind. Dec. 80 at 83.

Appellant's P.C. petition shows that he declined to take a polygraph test prior to trial. Certainly the nature of a polygraph examination of a defendant is such that the prerogative of whether to take an examination lies solely with the defendant. Thus it is obvious that he failed to use due diligence in the discovery of the evidence. Further, in the absence of a stipulation, polygraph results would not be admissible. See *Zupp* v. *State,* (1972)

258 Ind. 625, 283 N.E.2d 540, 31 Ind. Dec. 219; *Robinson v. State,* (1974) 260 Ind. 463, 317 N.E.2d 850, 44 Ind. Dec. 343.

Appellant's speculation that the results of a test of fibers found in a wire cable would be favorable to him is not evidence and does not state grounds for relief.

Thus the petition on its face conclusively shows that appellant was not entitled to relief. The trial court did not err in denying the petition without further proceedings. *Robbins v. State,* (1976) 264 Ind. 503, 346 N.E.2d 251, 52 Ind. Dec. 466.

The judgment of the trial court is affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 355 N.E.2d 251.