JESSE JAMES WILLIS *v.* STATE OF INDIANA.

[No. 277S57.  Filed April 19, 1978.]

*Harold Kohlmeyer*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Gerald M. Arthur*, Deputy Attorney General, for appellee.

PIVARNIK, J.—Appellant Willis was convicted by a jury on August 27, 1976 in the Marion Criminal Court of rape and first-degree burglary. He was sentenced to twenty years imprisonment. The first trial of these charges was held December 29, 1975, with the jury returning a verdict of guilty. On May 4, 1976, the trial court granted appellant's Motion to Correct Errors, and the second trial was held. Appellant was again convicted, and the present appeal follows.

The record shows that on August 23, 1975, at 4:00 a.m., the prosecutrix was awakened in the bedroom of her home by appellant. Appellant struck her on the head and told her to keep her mouth shut or he would kill her. He then took her clothes off, covered her head with a towel and had intercourse with her three or four times during the next hour and a half. After appellant left, the prosecutrix noticed that approximately fifteen to twenty dollars was missing from her billfold.

Appellant argues: (1) that the trial court erred in denying his Motion to Vacate and Set Aside a Stipulation, which sought to prevent his polygraph examination results from being admitted at trial, and; (2) that the trial court erred in admitting evidence of his alleged subsequent rape of another woman.

## I.

Appellant first claims that the trial court erred when it denied his Motion to Vacate and Set Aside a Stipulation. The stipulation was that appellant be given a polygraph examination. It also contained a waiver of appellant's constitutional privilege against self-incrimination, together with an agreement that the examination results could be admitted in evidence by either party. The stipulation was filed with the court prior to the first trial on these same charges, and the

Motion to Vacate was made between the first trial and the second trial. Appellant argues both that undue pressure was exerted on him by a parole officer to take the polygraph examination, and that the stipulation was applicable only to the first trial.

The record shows that appellant requested to take the polygraph examination despite counsel's advice to the contrary. He signed an express waiver of any violation of his rights against self-incrimination which could result from use of the test results at trial. There was nothing in the stipulation that indicated any intention to limit its use to the first trial only. Prior to the second trial, a hearing was held on the Motion to Vacate and Set Aside the Stipulation. At the hearing, appellant claimed his will was overborne by a parole officer's insistence that he take the examination. After questioning by the trial court, appellant's motion was denied. The examination results were admitted into evidence at the second trial over appellant's objection. However, appellant only objected to its use in the state's rebuttal instead of their case-in-chief, and not to the stipulation itself.

It is the prerogative of an accused to take a polygraph examination. *Baker* v. *State,* (1976) 265 Ind. 411, 355 N.E.2d 251. The test results are admissible at trial only when the subject has signed an express waiver to take the examination, and was adequately represented at the time of the waiver. He cannot then complain that the state has violated his right against self-incrimination when the test results are used on rebuttal by the state. *Reid* v. *State,* (1972) 259 Ind. 166, 285 N.E.2d 279.

Here, the examination results were used in rebuttal by the state. Prior to the second trial, the stipulation was reviewed by the trial court and found to be admissible into evidence. There was ample evidence at the hearing from which the trial court could find that appellant voluntarily took the polygraph examination, voluntarily signed the stipulation, and was adequately represented by.

counsel. In addition, there was nothing adduced indicating a limited use of the stipulation. This was not a new set of facts to be tried, but only a second trial on the same charges. Once a stipulation is filed with the court, unless both parties agree to its withdrawal, or it is limited in its use, it is as effective in a second trial on the same charges as it was in the first trial. Therefore, the trial court properly denied appellant's Motion to Vacate and Set Aside the Stipulation.

## II.

Appellant next contends the trial court erred when it admitted the testimony of H.E. H.E. testified that she was raped by appellant subsequent to the rape of the prosecutrix herein. Appellant argues that the circumstances and the perpetrator's physical characteristics in the alleged H.E. rape, as compared to those of the rape of the prosecutrix, are not so similar as to establish the identity of the perpetrator or a common scheme or plan. Therefore, appellant argues, this evidence was not admissible to establish appellant's guilt.

The general rule in Indiana is that evidence of separate independent and distinct crimes is inadmissible to establish an accused's guilt of the crime charged. An exception to this rule is when evidence of other criminal acts is used to show intent, motive, purpose, identification, or a common scheme or plan. *Wood* v. *State*, (1968) 250 Ind. 132, 235 N.E.2d 479. Acts committed subsequent to the crime charged may be used to show the common scheme or plan. *Critchlow* v. *State*, (1976) 264 Ind. 458, 346 N.E.2d 591. However, the repeated commission of similar crimes is not enough to qualify for the exception to the general rule. The acts or methods employed must be so similar, unusual, and distinctive as to earmark them as the acts of the accused. *Riddle* v. *State*, (1976) 264 Ind. 587, 348 N.E.2d 635.

H.E. was allegedly raped fourteen days after the prosecutrix was raped. H.E. lives approximately three or four miles from the prosecutrix. Both H.E. and the prosecutrix were

awakened by appellant in the bedroom of their homes about 4:00 a.m. In each instance, appellant attempted to conceal his identity. Both women testified that the rapist had a deep voice and offensive body odor. After their assailants in each instance left, both the prosecutrix and H.E. discovered that: approximately twenty dollars had been taken; the front door to their house was open; the kitchen window was open, and; the window screens in their kitchens had been removed. Furthermore, both H.E. and the prosecutrix later positively identified appellant in a police lineup.

This evidence is sufficient to show a common scheme or plan that identifies appellant as the perpetrator of the crime charged. It therefore qualifies for the exception to the general rule that independent criminal acts are inadmissible to establish the guilt of an accused in the crime charged. We therefore hold that H.E.'s testimony was properly admitted.

Appellant further argues that testimony by the polygraph examiner, concerning alleged admissions by appellant during the pre-test interview that he previously raped another woman, was improperly admitted. However, the stipulation allowing the polygraph examination results to be used at trial specifically states that "any interrogation or other things related to said examination including the results and the opinions of the examiner relating to said examination, be admitted as evidence." Therefore, these statements were admissible as part of the stipulation. *See* Issue I, *supra*.

The judgment of the trial court is affirmed.

Givan, C.J., Hunter, Prentice, JJ., concur; DeBruler, J., concurs with opinion.

## CONCURRING OPINION

DeBruler, J.—I would add to Justice Pivarnik's opinion concerning the polygraph examination one note. Appellant's challenge to the admissibility of this evidence assumes the

admissibility of a polygraph examiner's opinion of the test subject's deception upon stipulation of the parties. Appellant contends only that the trial court should have relieved him of the stipulation into which he had entered, and I agree with Justice Pivarnik's disposition of this argument.

NOTE.—Reported at 374 N.E.2d 520.