Roy M. BAKER, Petitioner-Appellant,

v.

STATE of Indiana, Respondent-Appellee.

No. 581S132.

Supreme Court of Indiana.

June 3, 1982.

 

Frank E. Spencer, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

PRENTICE, Justice.

This is an appeal from the denial of Petitioner's (Appellant's) third petition for post conviction relief.

Petitioner was convicted of second degree murder, Ind.Code § 35–1–54–1 (Burns 1975) and sentenced to not less than fifteen (15) nor more than twenty-five (25) years imprisonment. On direct appeal, this Court affirmed the conviction. *Baker v. State,* (1973) 260 Ind. 618, 298 N.E.2d 445. In 1974, Petitioner filed his first petition for post conviction relief, which was denied, and this Court affirmed the judgment. *Baker v. State,* (1976) 265 Ind. 411, 355 N.E.2d 251. Thereafter, Petitioner filed a second petition for post conviction relief by virtue of which he received credit for jail-time served prior to his conviction. He filed his third petition in 1979. A full hearing upon the merits was conducted and relief was denied. This appeal assigns the following issues for review:

(1) Whether the judgment of the trial court is contrary to law in that Petitioner sustained his burden of proving, by a preponderance of the evidence, that he has heretofore been denied the effective assistance of counsel.

(2) Whether the judgment of the trial court is contrary to law as being based, in part, upon a ruling that Petitioner's prior motion to correct the record with respect to his "jail time" served prior to sentencing, is a petition for post conviction relief, within the meaning of Post Conviction Rule 1, such as to operate as a bar to subsequent petitions for relief upon other grounds.

Petitioner contends that the failures of trial counsel, direct appeal counsel and prior post conviction trial and appellate counsel to take remedial action with respect to three separate omissions demonstrate that

he did not receive effective representation and was thereby denied a fair trial and due process of law. He further argues that at the hearing upon his petition, he met his burden of proof with respect to these claims.

The three omissions above mentioned are the following:

(1) Failure to move for a mistrial when he was cross examined concerning his willingness to submit to a polygraph examination.

(2) Failure to object, move for a mistrial, seek other alternatives or to consult with him with respect to a mid-trial continuance of several days ordered by the court by reason of the death of one juror's father.

(3) Failure to move for a mistrial when the court permitted the jury to resume deliberations until early morning, when a guilty verdict was returned, after reporting several hours earlier that it was deadlocked—ten to two for conviction.

## ISSUE I

 In post conviction proceedings Defendant bears the burden of proving his contentions by a preponderance of the evidence. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Popplewell v. State*, (1981) Ind., 428 N.E.2d 15, 16.

Petitioner's claims of ineffective representation rest upon both the evidence brought forth at the post conviction hearing and upon the hypothesis that such acts and omissions of counsel, if proven, mandated the conclusion, as a matter of law, that his representation was ineffective. If he fails to carry his burden of proof or if the alleged facts are proven but, nevertheless, do

not compel the legal conclusion, it cannot be said that the denial of relief was error.

 With respect to the first omission complained of, it is not disputed that Petitioner's trial counsel had asked him, on direct examination, if he had been asked by the police if he would be willing to take a polygraph test and if he had replied in the affirmative but thereafter heard nothing further from the police upon the subject. He confirmed that such had occurred. The prosecutor, upon cross examination, proceeded to extract from Petitioner that he had not taken such an examination. Petitioner here complains that the cross examination was a "harpoon" and that counsel should have taken remedial steps. However, we regard an evidentiary "harpoon" as a prosecutorial act of deliberately exposing the jury to evidence, known to be inadmissible, by means of some artifice. Here the question was proper cross examination. The answer elicited on direct examination was doubtlessly intended to and did leave the inference that Petitioner had been, at all times, willing to take the examination. The cross examination revealed that such was not necessarily a correct inference. The original question may have been imprudent, as suggested by counsel. Or, it may have been a calculated defensive stratagem which "back-fired."[1] In any event, the cross examination was not a harpoon, and there was no basis for a motion for a mistrial or an admonishment.

 Petitioner's claim of incompetence and ineffective representation evidenced by the mid-trial recess is unfounded. In his direct appeal, Petitioner challenged his trial counsel's agreeing to the continuance as an indicia of incompetence, and we rejected the claim. *Baker v. State*, (1973) 260 Ind. 618, 630, 298 N.E.2d 445. *Rehearing denied*, 260 Ind. 631, 301 N.E.2d 190.

Whether or not Petitioner knowingly waived any of his rights with respect to the mid-trial continuance was a factual determination. Assuming arguendo that an ex-

---

1. "Appellant's P. C. petition shows that he declined to take a polygraph test prior to trial."

*Baker v. State*, (1976) 265 Ind. 411, 413, 355 N.E.2d 251.

press waiver from the petitioner was a prerequisite to the court's action, it, nevertheless, does not appear, that the evidence precluded a finding that there had been such a waiver, with full knowledge and understanding. Although the trial attorneys acknowledged that they could not specifically remember discussing the matter with petitioner at the time, nine years earlier, their testimony revealed that they were mindful of the gravity of the situation and were of the opinion that they had not agreed to the action without discussing it with Petitioner. In the face of such testimony, the trial judge was not required to believe the testimony of Petitioner and his brother to the contrary. It cannot be said that the evidence was not in conflict.

 Petitioner further claims that trial counsel's incompetence and ineffective representation was also evidenced by their failure to move for a mistrial following the disclosure that the jury, at about 4:30 a. m. and after having deliberated for approximately ten hours, was divided in its opinion—ten to two for conviction. This contention is clearly without merit. Not only has Petitioner failed to prove a factual basis compelling the grant of such a motion, but also, it is obvious that a very rational judgment might have been that continued deliberation would be in Petitioner's best interest. Such decision should not be second guessed. If they were to be, we would point out that Petitioner was charged with murder in the first degree and that the conviction was for murder in the second degree.

With respect to Petitioner's various claims of counsel incompetence at the appellate and post conviction levels, our determination that Petitioner's various claims of counsel incompetence and ineffective representation at the trial are without merit render his criticism of his representation at the appellate and post conviction stages baseless.

### ISSUE II

 Petitioner has made no argument respecting this issue. Pursuant to Ind.Rule

A.P. 8.3(A)(7) it is deemed waived. We see no indication, however, that the judgment is, in any part, based upon the ruling mentioned, nor do we find such a ruling.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.