**Charles Steven WHITLEY, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–182A20.

Court of Appeals of Indiana, First District.

Sept. 15, 1982.
Rehearing Denied Oct. 19, 1982.

Dennis Brinkmeyer, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

Charles Steven Whitley appeals his convictions at a jury trial of attempted rape, a Class B felony, and of criminal confinement, a Class D felony. We affirm.

The facts favorable to the State reveal that L.B., the victim of these crimes, was employed at a bank in Evansville, Indiana, on April 28, 1981. L.B. took her afternoon break at approximately 2:00 P.M. and was seated on a park bench when she noticed Whitley staring at her from a nearby bench. Becoming concerned, L.B. went into a nearby store and after about five minutes left the store to return to work. While she was waiting at an intersection, Whitley appeared beside her and followed her into the bank building. L.B. got onto the elevator and Whitley followed. L.B. asked Whitley what floor he wanted, but she received no response so she pushed the sixth floor. L.B. got off the elevator on the third floor and went to her offices. Whitley followed and stared at L.B. through a glass partition. He left, but returned, opened her door, and asked where the Veterans Administration Building was located. She mumbled a response and Whitley left. At the end of the work day, approximately 3:30 P.M., L.B. went to the parking lot and got into her car. As she put the key into the ignition switch, Whitley appeared and got into the car positioning himself next to her. He asked her where the V.A. building was located. L.B. tried to close the car door, but could not because of Whitley's presence. Whitley said, "I love it. I love you." With both hands, he reached inside L.B.'s dress touching her breast and leg. L.B. screamed and Whitley fled, although he started back toward the car when he realized no one had heard her screams. Meanwhile, L.B. managed to lock the car doors and drive away.

L.B. reported the incident to the police on April 29, 1981, after talking with her supervisor. She described her assailant as being 5 feet 9 inches tall, thin with curly brown hair, facial hair, and wearing bleached jeans.

On May 5, 1981, L.B. was at work and entered the elevator. She looked up, saw Whitley in the elevator and ran screaming to a co-worker. The co-worker ran to the stairwell and when he opened the door, he

saw Whitley running down the stairs. In response to a question from L.B.'s co-worker about what he was doing in the building, Whitley said he was looking for the V.A. clinic. Security was called, Whitley was escorted to the personnel office and ultimately the police were called. When he was apprehended, Whitley was wearing bleached jeans.

■ Whitley raises several issues on appeal initially arguing that the trial court erred by allowing L.B. to testify about her state of mind during the attack. She testified in response to the prosecutor's question that she was frightened when Whitley was reaching up her dress. Whitley contends this testimony was irrelevant and elicited merely to prejudice the jury. The defendant correctly noted a trial court has broad discretion to balance the potential prejudice of evidence against its probative value when ruling on its admissibility. We find no error. Both crimes charged have force or lack of consent as an element, Ind. Code 35–42–4–1 (Rape) and 35–41–5–1 (Attempt), Ind. Code 35–42–3–3 (Confinement). L.B.'s statement that she was frightened tends to prove she was not acting consensually. *White v. State*, (1981) Ind., 425 N.E.2d 95 (criteria for relevancy).

■ Whitley argues the trial court erred by admitting a photograph of him which was taken on May 5, 1981, after his arrest. In part, he argues the picture was not relevant to events occurring prior to May 5, 1981, and he challenges the photograph because of its relationship to testimony about prior similar criminal acts which were not charged. We will deal with the latter point when we discuss the admissibility of that testimony. The first point is meritless. There is no dispute over whether the picture was a clear and accurate representation of Whitley as he appeared on May 5, 1981. Given this basis, the picture was relevant to show how L.B. identified him. She explained that he had slightly less facial hair on April 28, 1981, when the attack occurred and that his appearance was different at trial because he had shaved. *Lawrence v. State*, (1980) Ind., 412 N.E.2d 236.

Next, Whitley contends the trial court erred by allowing two women, T.W. and D.H., to testify about similar incidents which were not charged against him. T.W. testified that Whitley approached her on March 27, 1981, as she attempted to leave a parking lot in her truck. He grabbed the door, reached inside, and put his hand up her dress. She also received several telephone calls from him at work. D.H. testified that Whitley approached her as she was getting into her car on April 29, 1981. He requested directions and then touched her between the legs. Both women identified Whitley at trial and selected his May 5 picture from an array of eight photographs displayed to them by an investigating officer.

The general rule in Indiana is that evidence of separate, independent and distinct crimes is inadmissible to establish an accused's guilt of the crime charged. An exception to this rule is when evidence of other criminal acts is used to show intent, motive purpose, *identification or a common scheme or plan.* Acts committed subsequent to the crime charged may be used to show the common scheme or plan. However, the repeated commission of similar crimes is not enough to qualify for the exception to the general rule. The acts or methods employed must be so similar, unusual, and distinctive as to earmark them as the acts of the accused. (Emphasis added, citations omitted.)

*Willis v. State,* (1978) Ind., 374 N.E.2d 520, 522.

■ Whitley argues the crimes were dissimilar and that D.H.'s testimony should not have been admitted because the events occurred subsequent to the changed events. We disagree. The witnesses' accounts described crimes which are virtually identical to the charged offenses, hence the testimony was admissible to show a common scheme. Additionally, Whitley offered extensive alibi evidence to prove he was not in Evansville when the charged offenses were committed. The testimony from D.H. and T.W. contradicted the alibi evidence. As stated in *Willis, supra,* there is no prohibition on acts committed subsequent to the charged offense.

■ Whitley also challenges the photographic display which was presented to L.B., D.H., and T.W. All three identified Whitley from the display. He argues their identification was defective because he was in custody when the pictures were displayed and therefore concludes an actual lineup was required. Whitley never requested a lineup and the authority for this argument, *Evans v. Supreme Court,* (1974) 11 Cal.3d 617, 114 Cal. Rptr. 121, 522 P.2d 681, is a case where the defendant's request for a lineup was denied and no other display procedures were utilized. There is no indication the photographic display was improperly suggestive and no reason to suppress any of the in-court identifications. *Maclin v. State,* (1979) Ind., 394 N.E.2d 163; *Deaton v. State,* (1979) Ind., 389 N.E.2d 293. We are unaware of any law which requires a lineup as opposed to a photographic display.

■ Whitley complains he was denied due process because the jury discussed his case prior to the close of evidence thereby violating the trial judge's instructions and Ind. Code 35–1–37–2. The rationale behind prohibiting jurors from conversing is to insure that they maintain open minds. IC 35–1–37–2. In the case at bar, the trial judge strongly admonished the jury and polled them to see if they could be objective during the remainder of trial. Receiving affirmative responses, he denied the defendant's motion for a mistrial. The admonishment presumptively cured any error. *Brown v. State,* (1981) Ind., 417 N.E.2d 333, particularly in light of the jury poll. We find no abuse of discretion. *Smith v. State,* (1982) Ind., 432 N.E.2d 1363.

■ Whitley argues that the trial court erred by denying his two motions for judgment on the evidence and that the evidence is insufficient to support the verdict. The only issue we perceive concerning the confinement charge is the duration of L.B.'s confinement. Clearly, Whitley interfered with L.B.'s liberty without her consent, Ind. Code 35–42–3–1 and 3. The fact that interference was relatively brief does not alter this conclusion. *Sammons v. State,* (1979) Ind.App., 397 N.E.2d 289.

■ The essence of Whitley's argument on attempted rape is that he did not take a substantial step toward committing rape. Considering that Whitley followed the victim for approximately one and a half hours, forced his way into her car and fondled her, we think the natural sequence of events points to anticipated sexual intercourse. *Cowans v. State,* (1980) Ind., 412 N.E.2d 54. Therefore, Whitley's conduct constituted a substantial step toward rape. The evidence is sufficient and therefore, the motions for judgment on the evidence were properly denied.

■ Finally, Whitley has brought an error to our attention. One of L.B.'s co-workers was allowed to testify about her telephone conversation with a caller who asked for L.B. The call occurred after the attack on L.B. However, the caller was not identified and the testimony should have been excluded as irrelevant because nothing indicated Whitley was the caller. *Stanley v. State,* (1982) Ind.App., 435 N.E.2d 54. Given the evidence, this error was harmless.

Judgment affirmed.

RATLIFF, P. J., and NEAL, J., concur.