Richard Leon CROUCH, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. PS516.

Supreme Court of Indiana.

Feb. 10, 1984.

Richard Leon Crouch, pro se.

Linley E. Pearson, Atty. Gen. of Ind., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Richard Leon Crouch, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He pled guilty to two counts of burglary, Class B felonies, and was sentenced to a term of fourteen years. He now raises the following three issues in this petition:

1. Whether he was denied his constitutional right to the effective assistance of counsel at trial;

2. Whether the trial court erred in allegedly denying petitioner good time credit for the time he spent in presentence confinement; and

3. Whether the trial court set forth with requisite particularity the reasons for petitioner's enhanced sentence.

■■ It is well established that petitioner has the burden of proving his grounds for relief by a preponderance of the evidence at the post-conviction relief proceeding. Ind.R.P.C. 1 § 5; *Garringer v. State,* (1983) Ind., 455 N.E.2d 335. In our review of the denial of a petition for post-conviction relief, this Court does not weigh the evidence or judge the credibility of witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trier of fact will the decision be reversed as contrary to law. *Davis v. State,* (1983) Ind., 446 N.E.2d 1317; *Henson v. State,* (1979) 271 Ind. 325, 392 N.E.2d 478.

## I.

Petitioner first charges that the trial court erred when it concluded he was not denied effective assistance of counsel. Specifically, he alleges that his counsel advised him to plead guilty solely because counsel lacked interest in the case and did not want to go to trial. Petitioner now argues that such conduct constitutes mere perfunctory or casual representation and fails to satisfy the requirement of adequate legal representation.

■ This issue is governed by the standard of whether petitioner's representation

constituted a "mockery of justice," as modified by the requirement of "adequate legal representation." *Adams v. State*, (1982) Ind., 430 N.E.2d 771 (Hunter, J., dissenting); *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984. The standard is implemented with the corollary presumption that counsel is competent; strong and convincing evidence must be presented in order to overcome the presumption. *Lindley v. State*, (1981) Ind., 426 N.E.2d 398.

Petitioner was initially charged with three counts of burglary, as Class B felonies, three counts of theft, as Class D felonies, two counts of forgery, as Class C felonies, and with being a habitual offender. The record shows that the state's case against petitioner was strong. The evidence of guilt included petitioner's admissions to police, confederates' statements inculpating him in the crimes, and property missing from one of the burglarized premises was found in petitioner's possession. Nevertheless, petitioner's counsel was able to negotiate a very favorable plea agreement with the state. The essence of the recommended plea bargain was that petitioner would plead guilty to two counts of burglary and the state would forego prosecution of one count of burglary, three counts of theft, two counts of forgery, a habitual offender charge, and any pending charges in county court. Understandably, petitioner's counsel strongly advised his client to accept this attractive agreement in light of the state's strong case and the absence of any credible defense. Petitioner apparently misunderstood his counsel's advice and construed it to mean that counsel would not take his case to trial. Petitioner was aware that he did not have to accept the plea agreement but did so anyway. In the written plea agreement and in subsequent testimony petitioner acknowledged that he was satisfied with his counsel's representation and competency and that he believed the agreement was in his best interest. The record further discloses that the trial judge made every effort to insure that petitioner understood the rights he waived by such a plea and that it would be very difficult to withdraw the plea once it was accepted. The trial judge then accepted the plea agreement and set a date for sentencing. At the sentencing hearing petitioner changed his mind and filed a motion to withdraw his plea. He stated that he was not satisfied with his counsel's services. The trial court conducted an extensive hearing on petitioner's motion and at the conclusion of that hearing denied petitioner's motion to withdraw the guilty plea. Petitioner does not challenge the trial court's ruling here as an abuse of his discretion.

■ We conclude that there was ample evidence of an adequate investigation and consideration of petitioner's case by counsel. Furthermore, counsel was able to work out a favorable plea agreement where the state agreed to forego prosecution of at least five felony counts and also a habitual offender charge. We therefore find that the trial court did not err in deciding that petitioner received competent and adequate representation in this case.

## II.

■ Petitioner also asserts that the trial court erred when it allegedly denied him good time credit for the time he spent in presentence confinement. He argues that under the sentencing provisions in effect at the time of the crime, Ind.Code § 35–8–2.-5–1 *et seq.* (Burns 1979 Repl.) [Acts 1978, ch. 2.5, § 3555, p. 396 (repealed 1979) ],[1] the sentencing judge only had the authority to make *recommendations* with respect to good time allowances. We agree that under those sentencing provisions, the trial judge could only make recommendations and could not enter a binding order. *See, e.g., Garrett v. State*, (1980) Ind.App., 411 N.E.2d 692; *Leavell v. State*, (1979) 181 Ind.App. 69, 391 N.E.2d 246. However, the record here shows that the trial judge

---

1. These are the applicable good time provisions. Petitioner was charged, tried, and convicted before the new Criminal Code went into effect.

merely *recommended* that petitioner be denied any good time allowance. The commitment order unambiguously states that "defendant is to be given credit towards service for 262 days spent in confinement ... and the court *recommends* that said credit of days *not* be considered in assessing credit for good time conduct, as provided by law." (Our emphasis.) Therefore, we find no trial court error here.

### III.

■ Petitioner finally contends that the trial court erred in failing to state in the record its reasons for enhancing petitioner's sentence. The trial court had sentenced petitioner to two ten-year sentences and then added four years to each sentence for aggravating circumstances. The sentences were to run concurrently. The state insists that petitioner has waived any error here because the alleged error was not presented in petitioner's Belated Motion to Correct Errors. We agree. Petitioner failed to include this issue in his motion and therefore has waived any review of this alleged error. Ind.R.Ap.P. 8.3(A)(7); *see e.g., Hooks v. State,* (1980) Ind., 409 N.E.2d 618.

■ Furthermore, even if petitioner had properly preserved this issue for our review, the record contains an adequate and sufficient statement of why the trial court enhanced petitioner's sentence. At the sentencing hearing the trial court noted petitioner's "long history of criminal activity," including three prior felony convictions. We find this sufficient to support the trial court's decision to enhance petitioner's sentence.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.