**William Charles MASON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 484S126.**

Supreme Court of Indiana.

Sept. 6, 1984.

William L. Soards, Soards & Carroll, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant William Charles Mason was charged in the Marion Superior Court, Criminal Division Room No. 2, with the crime of burglary. He waived a jury trial and in a trial to the court was found guilty of burglary, a class A felony, and was sentenced to a term of twenty-five (25) years.

Two issues are presented for our review in this direct appeal:

1) admission of testimony of an unrelated offense by the defendant for the purpose of showing common scheme and plan; and

2) sufficiency of the evidence.

The evidence showed that on July 23, 1983, Louise K. Hutton was asleep in her bed in her residence at 4224 North Evanston in Indianapolis, Indiana, at approximately 7:00 a.m. She was awakened when the defendant came through the window of her bedroom by pushing out the screen. He threatened to kill Louise if she screamed. Louise's husband, Paul, was in

the house at the time and she screamed to him, "Daddy, call 911." The defendant got in bed with Louise and got on top of her, placing his left hand over her face in an attempt to silence her. Louise Hutton testified that he squeezed her face so firmly that she thought her nose and jaw were broken. She was in much pain and very frightened. Paul Hutton responded to Louise's scream and entered the bedroom with a club in his hand. The defendant fought Paul Hutton, threw him to the floor and took away the club. He started to go back to the bed to Louise, but Mr. Hutton grabbed him and got the club away from him. The defendant then backed out the door and apologized. Mrs. Hutton was cut and bruised in the struggle, such that bruises on her were still apparent when she was in court testifying some weeks later. Paul Hutton stated that when he entered the room, Defendant was on top of his wife in the bed, with his left hand gripping her face and his right hand fondling her left breast. Seven to nineteen minutes later, the defendant appeared at a neighbor's house at 4225 North Crittenden. This was the Butler residence and Quintin Butler testified he was in his mother's bedroom while his mother was sleeping. He said the defendant came to the window and asked where his "mommy" was. Quintin told him she was in the bed and the defendant pushed out the screen in the bedroom window, climbed in and got on top of Mrs. Butler. Quintin ran to the living room and told his father, Ronald Lee Butler, that a man was in the house. Mr. Butler headed for the bedroom and encountered the defendant in the hallway. Butler and a neighbor subdued the defendant and held him until police arrived. The Huttons were brought to the Butler residence and identified the defendant as the one who had been in their home a few minutes earlier. Defendant admitted being at 4224 North Evanston, but stated he did not enter the house and had only stuck his arm through the window in an effort to seek some help he needed. He denied being inside of either house. Police Officer David G. Trent noted that the Huttons' automobile was parked under the bedroom window through which the defendant entered the Hutton home and he found fingerprints on this automobile. The window is 59 inches above the ground at this point. Police Officer Robert Worland examined the fingerprints found on the Huttons' automobile and it was his expert opinion that finger and palm prints were made by the defendant.

I

■ Appellant Mason claims the trial court erred by permitting testimony of his activities at the Butler residence since his activities there were irrelevant as they did not show a common scheme or plan to connect that incident with the one charged here in the Hutton home. It is true, of course, that generally evidence of criminal activity other than that charged is inadmissible on the question of guilt, however, such evidence may be admitted to show intent, motive, purpose, identification, or common scheme or plan. *McCormick v. State,* (1982) Ind., 437 N.E.2d 993; *Whitley v. State,* (1982) Ind., 439 N.E.2d 715, 717; *Kimmel v. State,* (1981) Ind., 418 N.E.2d 1152, 1154, *cert. denied* (1981) 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239; *Montgomery v. State,* (1980) Ind., 412 N.E.2d 793, 795. Acts committed subsequent to the crime charged, as well as those committed prior thereto, may be used to show common scheme or plan. *Critchlow v. State,* (1976) 264 Ind. 458, 346 N.E.2d 591. By showing common scheme or plan, the admission of the other crimes committed by the defendant are supportive of identification, intent, or state of mind of the defendant. *Jackson v. State,* (1983) Ind., 446 N.E.2d 344; *McCormick, supra.* The testimony regarding the unrelated crime here showed that within a matter of minutes this defendant entered another home in the same manner as he entered the Hutton's, that he attacked the woman by lying on her on the bed in such a manner that any reasonable mind would conclude he had an intent to commit rape, and was prevented from completing that act because of being

interrupted by the husband in the home. Supportive of these ingredients in the Butler home is the fact that he entered through a bedroom window in the same manner in both homes. He particularly inquired as to where Quintin Butler's "mommy" was, and finding that she was in the bed in that room, immediately entered through the window and got on top of her. It is evident he attempted to leave when he realized there was a man in the house who was coming to interrupt him. Also significant is the fact that he was detained in the home and absolutely identified as having been in the Butler home. Defendant claims he did not enter either of the homes. There is strong testimony, however, to the contrary on this issue. His claim is that even though there is evidence that he entered the homes, there is no evidence that he intended to commit rape upon anyone and therefore the element of burglary, of a breaking and entering with an intent to commit a felony, was not proved. He particularly claims in this issue that since there was no evidence that he intended to rape Mrs. Butler, there is no relationship of this incident to the one in the Hutton home. We see no merit to Appellant's argument in this regard. The Butler incident took place within minutes of, and in very close proximity to, the Hutton incident. He broke out the screen and entered a bedroom window where he had determined there was a woman lying in the bed and immediately laid his body on top of her. Although he was interrupted before he could make any further advances, there was a sufficient showing to infer a breaking and entering with intent to commit rape upon Mrs. Butler. His activities in both homes were exactly the same and the second one in the Butler home was admissible because it indicated a common scheme or plan that aided the trier of fact in determining identity, intent, and state of mind of Defendant when he entered the bedroom of Mrs. Hutton, laid his body upon hers, and fondled her breast before he was interrupted by her husband. There is, therefore, no error on this issue.

## II

Appellant here claims there was insufficient evidence of probative value upon which the conviction of burglary could rest since there was no showing that he intended to commit the felony of rape. Conviction for burglary does not require proof of the completion of the intended felony, but only that the person broke and entered with that intent. Intent to enter to commit a felony may be inferred from circumstances. *Raymer v. State,* (1978) 177 Ind.App. 696, 381 N.E.2d 109; *Sleck v. State,* (1977) 175 Ind.App. 22, 369 N.E.2d 963. Appellant's claim is primarily based on the testimony of Louise Hutton to the extent that she was not aware that the defendant was fondling her body in any way or was attempting to rape her. She stated, however, that he was squeezing her face so severely that she thought her nose and jaw were broken and that she was in such pain and fear that she was unaware of anything else he was doing. She did scream for her husband, however, and he did come into the room. Paul Hutton testified that when he came in Defendant had his body lying on Louise Hutton's body, was holding her face with his left hand and was fondling her left breast with his right hand. This was sufficient evidence from which the jury could find or infer that Defendant's purpose in being there was to commit rape upon Louise Hutton. In *Cornelius v. State,* (1981) Ind., 425 N.E.2d 616, this Court found there was sufficient evidence to support a finding of attempted rape where defendant Cornelius pulled the victim onto a bed and while lying on her tried to put his hands inside her clothes and when she screamed for help, smothered her with a pillow to silence her. We found this was sufficient to support the finding that a substantial step had been taken in an attempt to rape. Although the facts are very similar in the instant case, the showing of an intent to commit the crime does not require the showing of a substantial step taken in attempting it. *See also Dilworth v. State,* (1981) 425 N.E.2d 149. There was more than sufficient evidence here to show

both a breaking and entering and an intent of the defendant to commit the felony of rape.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER, HUNTER, and PRENTICE, JJ., concur.