Sherman L. HARRIS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1284S511.

Supreme Court of Indiana.

Aug. 15, 1985.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was found guilty by a jury of Robbery, a Class A felony. He was sentenced to a twenty (20) year term of imprisonment.

The facts are: At approximately 8:00 p.m. on February 7, 1983, Leah and Howard Hammon were leaving a department store in Elkhart, Indiana. As they approached their truck, Howard proceeded ahead of Leah to unlock the vehicle. When Howard walked ahead, appellant grabbed Leah's purse and bumped her in the back. Leah fell to the ground, still holding her purse. Appellant, tugging at the strap of

the purse, swung Leah back and forth as he attempted to take possession of the purse. Leah finally lost her grip, at which time appellant fled.

The Hammons, by means of a composite drawing and a review of several arrays of photographs, were able to identify appellant as Leah's assailant. Appellant was charged with robbery as a Class C felony. A trial on that charge resulted in a hung jury. The State then filed an amended information charging appellant with robbery as a Class A felony. A second jury trial resulted in a conviction on the amended charge.

Appellant contends the trial court erred in admitting evidence of a polygraph examination. Prior to the first trial, a stipulation for admission of polygraph evidence was executed by the deputy prosecutor, appellant and his attorney. At the second trial the prosecution was permitted to introduce the polygraph evidence. Appellant argues the stipulation was valid only for the trial for robbery as a Class C felony and not for the subsequent trial for a Class A felony.

■ As a general rule, the results of polygraph examinations are inadmissible at trial absent a valid stipulation between the parties. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068; *Dean v. State* (1982), Ind., 433 N.E.2d 1172. This Court has imposed a strict requirement that the stipulation must be signed both by the defendant and by a representative of the prosecuting attorney's office. *Helton v. State* (1985), Ind., 479 N.E.2d 538; *Pavone v. State* (1980), 273 Ind. 162, 402 N.E.2d 976. Where there is a valid stipulation, the trial court may decide within its discretion whether to admit the test results. *Alexander, supra; Pavone, supra.*

■ The stipulation in the instant case satisfied the strict requirement imposed by this Court. At the second trial appellant objected to the admission of the polygraph report, on the ground the stipulation was valid only for a trial on a Class C felony

charge. In the stipulation the parties agreed as follows:

"1. That the Defendant is charged in this cause with the offense of Robbery, a Class C Felony.

2. That the Defendant agrees to submit himself to polygraph examination with D.R. Thornburg concerning his alleged involvement or non-involvement in the crime alleged.

3. That the Defendant and the State of Indiana agree that the results of said polygraph examination shall be admitted into evidence at the trial by either the State of Indiana or the Defendant at any time determined appropriate by either party.

"WHEREFORE, the parties stipulate and agree that the Defendant shall submit himself to a polygraph examination and that the results of said polygraph examination *shall be admitted as evidence in this cause at the trial to be scheduled in the future.*" (Emphasis added.)

The trial court did not abuse its discretion in admitting the polygraph evidence at the second trial. The court could have reasonably concluded that item one was merely an agreement of fact, not a limitation on the use of the stipulation. *See Willis v. State* (1978), 268 Ind. 269, 374 N.E.2d 520. The second trial was based on the same facts, with the exception of the question of bodily injury to the victim, and the same underlying criminal conduct as the first.

In *Willis, supra,* the defendant's motion to correct error was granted, necessitating a second trial. The defendant attempted to prevent the readmission of polygraph evidence based on the argument that his stipulation was applicable only to the first trial. While the instant case presents a factual distinction, in that the charge was elevated to a Class A felony prior to appellant's second trial, we nevertheless believe the reasoning set forth in *Willis* to be applicable to the circumstances presented here. After addressing the validity of the controverted stipulation, Justice Pivarnik stated:

"In addition, there was nothing adduced indicating a limited use of the stipulation. This was not a new set of facts to be tried, but only a second trial on the same charges. Once a stipulation is filed with the court, unless both parties agree to its withdrawal, or it is limited in its use, it is as effective in a second trial on the same charges as it was in the first trial." *Willis, supra* 268 Ind. at 272, 374 N.E.2d at 522.

We find no error in the admission of the polygraph evidence.

■ Appellant contends the amending of the information was motivated by prosecutorial vindictiveness. His motion to dismiss the amended information, filed prior to the second trial, was denied by the trial court. Based on his argument that he was deprived of fundamental due process due to the prosecution's elevation of the charge, appellant contends the denial of his motion to dismiss constitutes reversible error.

Appellant cites two cases in which this Court determined that the presence of prosecutorial vindictiveness dictated reversal, *Cherry v. State* (1981), 275 Ind. 14, 414 N.E.2d 301, *cert. dismissed,* 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033, and *Murphy v. State* (1983), Ind., 453 N.E.2d 219. He argues that the exercise of his right to a jury trial, followed by the filing of the amended charge carrying a more severe penalty, gives rise to a presumption of prosecutorial vindictiveness.

In *Cherry,* the State refiled charges, previously dismissed at its behest, after the court granted the defendant's motion to correct error. We found the refiling of the charges to have been motivated by prosecutorial vindictiveness. *Cherry, supra* 275 Ind. at 21, 414 N.E.2d at 306. That case has subsequently been interpreted to apply only to the prosecution's power to refile charges previously dismissed at its behest. *See Bates v. State* (1981), Ind., 426 N.E.2d 404, 406 n. 1.

In *Murphy,* the defendant's motion for mistrial was granted by the court on the first day of trial. The following day the State filed an additional count charging the defendant as an habitual offender. Because such action by the State constituted an attempt to punish the defendant for exercising his right to a fair trial, reversible error was committed by the trial court in denying the defendant's motion to dismiss the habitual offender count. *Murphy, supra* at 227.

The rationale behind the holdings in those two cases was that an accused should not be faced with the prospect of retaliation if he exercises his legal right to a fair trial or appeals his conviction. A defendant has a right "to be free of apprehension that he will be subjected to increased punishment if he exercises his right to attack his conviction." *Cherry, supra* 275 Ind. at 19-20, 414 N.E.2d at 305. *See United States v. Goodwin* (1982), 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74; *Blackledge v. Perry* (1974), 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628.

In the instant case the elevation of the charge to a Class A felony clearly created the potential for a more severe penalty. However, appellant exercised no legal right, either by a motion for mistrial or an appeal of a conviction. The mistrial resulted from a hung jury, not from any action undertaken by appellant.

We cannot say that the timing of the prosecution's amending of the information points solely to a vindictive motive. Justice Hunter discussed in *Cherry* the need, in resolving questions of prosecutorial vindictiveness, to balance a defendant's due process rights against the substantial discretion traditionally accorded the prosecutor in controlling the decision to prosecute. In that case there was no evidence that the State had a valid reason for refiling charges it had previously dismissed. There were no unusual circumstances, such as the discovery of additional evidence, nor was there "an honest mistake or oversight" made at the time of the original decision to prosecute. *Cherry, supra* 275 Ind. at 20, 414 N.E.2d at 305-06.

At the hearing on appellant's motion to dismiss, Deputy Prosecutor Max Walker

testified that during his preparation for the first trial, some two weeks before it was to commence, he discovered that the victim had suffered more serious injuries than were indicated in the statement she originally gave to the police. Walker testified that he considered amending the information at that time, but decided against doing so because the case had previously been continued and he did not want to "incur the wrath of the court" by refiling the information, which would necessitate another continuance.

The circumstances presented in the instant case do not indicate a denial of appellant's right of fundamental due process. Appellant was not faced with the dilemma of deciding whether to exercise a legal right at the risk of possible retaliation by the prosecution. The prosecution mistakenly believed at the time of filing the first information that a Class C charge was appropriate. Consequently, the trial court did not err in denying appellant's motion to dismiss the amended information.

Appellant contends the trial court erred in allowing a demonstration of the preparation of a composite picture of Deputy Prosecutor Mark S. Crowder, by use of an I-Dent-A-Kit, before the jury. He argues the testimony was irrelevant and prejudicial in that the jury was led to disregard the discrepancies between the composite picture of appellant and his actual appearance.

Leah Hammon, able to give only a partial description of her assailant, was asked by the Elkhart police to assist in preparing a composite picture. That composite picture was introduced into evidence without objection. Officer Paul Petgen, who was responsible for creating the composite picture of appellant, also made a composite picture of Crowder in the presence of the jury. Appellant objected to Petgen's demonstration concerning the utilization of an I-Dent-A-Kit to compose the picture of Crowder.

A trial court has broad discretion in ruling on the relevancy of evidence in a criminal proceeding. *Henderson v. State*

(1983), Ind., 455 N.E.2d 1117; *Turpin v. State* (1980), 272 Ind. 629, 400 N.E.2d 1119. Petgen's demonstration was allowed by the court for the limited purpose of showing Petgen's ability in creating the likeness of an individual utilizing the materials in the I-Dent-A-Kit. The officer's testimony thus tended to explain the identification procedure employed by the police. We find no abuse of the trial court's discretion in the admission of the testimony.

Appellant's final contention is that his sentence is contrary to law in that the act charged in the amended information, which at the time the crime was committed was a Class A felony, was defined as a Class B felony in a statutory amendment passed prior to the time of his trial but not effective until after his conviction and sentencing. He contends the ameliatory nature of the amendment compels the conclusion that the less harsh provision of the new statute should be applicable to his sentencing.

Appellant failed to object to the court's sentencing him according to the statute in force at that time. He also failed to raise this issue in his belated motion to correct error. Therefore, appellant has waived this allegation of error. *Crouch v. State* (1984), Ind., 459 N.E.2d 41; *Mitchell v. State* (1983), Ind., 455 N.E.2d 1131. Even if appellant had properly preserved this issue, it would not dictate a reversal because his sentencing occurred prior to the effective date of the new statute. *See Davis v. State* (1983), Ind., 446 N.E.2d 1317; *Watford v. State* (1979), 270 Ind. 262, 384 N.E.2d 1030 (if defendant's judgment is final prior to the effective date of the statute, he cannot obtain advantages of ameliorative sentencing provisions).

The trial court is in all things affirmed.

DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., concurs in result with separate opinion in which PRENTICE, J., concurs.

HUNTER, J., not participating.

PIVARNIK, Justice, concurring in result.

Although I concur fully · in the results reached by the majority in this case, I decline to concur in the general reasoning of the majority insofar as it might be interpreted to endorse the holdings of *Murphy v. State*, (1983) Ind., 453 N.E.2d 219, and *Cherry v. State*, (1981) 275 Ind. 14, 414 N.E.2d 301, *cert. dismissed*, 453 U.S. 946, 102 S.Ct. 17, 69 L.Ed.2d 1033. I continue to reject the holdings in *Murphy* and *Cherry* as expressed in my dissents in both of those cases.

PRENTICE, J., concurs.