**Bryan S. BROWN, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 79S00–9010–CR–675.

Supreme Court of Indiana.

March 5, 1992.

---

Thomas J. O'Brien, Donahue, O'Brien and Morrissey, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was found guilty of two counts of Murder and two counts of Burglary, two counts of Robbery, and two counts of Confinement. He received sentences totalling one hundred seventy-six (176) years.

The crimes allegedly were committed by appellant and one David Ohm. Prior to trial, Ohm entered into a plea agreement with the State in which he was to be sentenced on two counts of murder and receive concurrent sentences. However, the reception of this agreement was conditioned upon Ohm taking a polygraph test. During Ohm's testimony at appellant's trial, the State attempted to introduce in evidence the plea agreement which included the condition that Ohm take a polygraph test.

Appellant objected and the court sustained the objection. Later, when defense counsel cross-examined Ohm, they questioned him in detail concerning his plea agreement and the time he was to receive. However, no mention was made of the polygraph examination. When the State resumed direct examination, they again offered the entire plea agreement including the polygraph reference and eventually, after argument by the State that appellant had opened the door concerning the plea agreement, the court allowed the entire plea agreement to be introduced in evidence and permitted the State to question Ohm concerning the taking of a polygraph

examination. However, no result of the examination was disclosed.

■ This Court often has repeated that evidence of a polygraph examination is not admissible in evidence unless both sides to the litigation agree in advance of the giving of such examination that it may be used in evidence by either party. *Smith v. State* (1989), Ind., 547 N.E.2d 817. We also have held that to admit facts that indicate a witness has taken a polygraph test is error. *Conn v. State* (1989), Ind., 535 N.E.2d 1176. To inject such evidence into a trial is reversible error. *Perry v. State* (1989), Ind., 541 N.E.2d 913.

■ It also is true that when the State has entered into a plea agreement with a witness it is necessary for the State to disclose such agreement. *Garland v. State* (1983), Ind., 444 N.E.2d 1180. There is no question that the plea agreement entered into between Ohm and the State was admissible in evidence. However, the statement in that agreement that he was to take a polygraph test was irrelevant to the statements he made concerning the crime and the sentence he was to receive therefor. When an exhibit is otherwise admissible but contains inadmissible evidence or inferences, the improper portions of that exhibit should be redacted. *See Stone v. State* (1978), 268 Ind. 672, 377 N.E.2d 1372. The improper admission of this evidence and the manner in which it was handled by the State constitute reversible error.

The State argues that the admission was harmless error because the State did not pursue the result of the polygraph examination. There can be no doubt that when submitted to the jury under the circumstances the only logical conclusion they could deduce would be that Ohm passed the polygraph test thus enabling him to complete his plea bargain with the State.

■ Appellant raises the second issue which we will consider now because of the probability of a retrial of this case. Appellant claims the trial court erred in admitting his pretrial statement in evidence. The record shows that after the commission of the crime the FBI arrested appellant in Virginia, after which Indiana State Police met with him, gave him his *Miranda* warnings, and transported him to Indiana.

After he was returned to Indiana, he had a telephone conversation with his wife in which she advised him that following the crime police officers had questioned her and indicated to her that if she was failing to disclose information concerning the crime and appellant she might be in trouble and that she might have her baby taken from her. However, police officers who questioned appellant's wife prior to his capture, testified that they merely stated to her that she might be in trouble but they did not make any threat concerning the child.

Appellant cites *Neal v. State* (1988), Ind., 522 N.E.2d 912 and *Hall v. State* (1971), 255 Ind. 606, 266 N.E.2d 16 and concedes that in *Neal* this Court held that the statement to the defendant's girlfriend was not sufficient to invalidate his confession, whereas in *Hall* this Court held that a similar statement was sufficient to invalidate the defendant's confession. Appellant observes that *Neal* and *Hall* are inconsistent and therefore *Neal* should not stand. However, appellant is in error in this regard.

In *Hall,* the police made the direct threat to appellant that if he did not confess they would arrest his wife, charge her with the crime, and her small children would be placed in the custody of others. This we held invalidated appellant's confession and we reversed the case. However, in *Neal,* the appellant and his girlfriend had been arrested together. When the defendant inquired as to what would happen to his girlfriend's children the police simply stated that if she were charged her children would be placed in the custody of others. There was no threat by the police officers to induce appellant's confession in *Neal* as there was in *Hall.*

In the case at bar, the conversation between the officers and appellant's wife took place before his capture and return to Indiana. The evidence is contradictory concerning exactly what the police told her. The police deny ever threatening to take

her children. This was a factual determination within the province of the trial court with which this Court will not interfere. There was no intervention by the police to convey to appellant any such threat. The communication on this subject was entirely that of the wife to appellant. In fact, she testified that at the time she made such a plea to him she believed that he was innocent of the crime charged and that they would all benefit if he would cooperate with the police. The trial court did not err in the admission of appellant's pretrial statement.

The trial court is reversed and this cause is remanded for a new trial.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

KRAHULIK, J., dissents without separate opinion.