**Raul SANCHEZ, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 50A03–9401–CR–00030.**

Court of Appeals of Indiana.

May 22, 1995.

Terry E. Johnston, Valparaiso, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

HOFFMAN, Judge.

Appellant-defendant Raul Sanchez appeals his conviction for child molesting, a Class C felony. The evidence relevant to review is recounted below.

After her parents' divorce, seven-year-old A.W. visited her mother on weekends. Her mother, M.W., was living with Sanchez in a mobile home at the time. During each of the approximately five visits A.W. made to the residence shared by M.W. and Sanchez, Sanchez directed A.W. to lie on a couch. He would then place his hand down the front of A.W.'s pants, inside of her underwear. The incidents happened while M.W. was in another room or in the shower.

A.W. told M.W. of the incidents. No action was taken. A.W. then told her father, D.W. D.W. contacted authorities which resulted in Sanchez's prosecution and conviction for child molesting. This appeal ensued.

Sanchez raises several issues for review. As consolidated, the dispositive issues are:

(1) whether the trial court erred in allowing the results of a polygraph to be admitted at trial and in failing to instruct the jury regarding polygraph evidence; and

(2) whether the evidence is sufficient to sustain the conviction.

First, Sanchez contends that the otherwise valid stipulation he entered into regarding the use of his polygraph examinations as evidence was invalid because the prosecutor's name was affixed to the form by an office

manager. Thus, according to Sanchez, the trial court erred in allowing the admission of polygraph evidence at the trial. It is noteworthy that Sanchez makes no claim that his agreement to the stipulation was involuntary or unintelligent.

■ Generally, the results of polygraph examinations are inadmissible at trial unless the parties have entered into a valid stipulation. *Harris v. State* (1985), Ind., 481 N.E.2d 382, 384. To be valid, stipulations must be signed both by the defendant and by a representative of the prosecuting attorney's office. *See id.* As argued by Sanchez, "a representative of the prosecuting attorney's office" in all likelihood is a reference to a deputy prosecuting attorney. However, the record is devoid of evidence that the employee was without authority to affix the prosecuting attorney's name to such documents or that the prosecuting attorney did not intend to be bound by such a practice. No error occurred in determining that a valid stipulation existed.

■ Sanchez also argues that the trial court erred in failing to instruct the jury on the limited use of polygraph evidence. There are four prerequisites to admission of polygraph test results: 1) that the prosecutor, defendant and defense counsel all sign a written stipulation providing for the defendant's submission to the examination and for the subsequent admission at trial of the results; 2) that notwithstanding the stipulation, the admissibility of the test results is at the trial court's discretion regarding the examiner's qualifications and the test conditions; 3) that the opposing party shall have the right to cross-examine the polygraph examiner if his graphs and opinion are offered in evidence; and 4) that the jury be instructed that at most, the examiner's testimony tends only to show whether the defendant was being truthful at the time of the examination, and that it is for the jury to determine the weight and effect to be given the polygraph evidence. *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1085–1086.

■ Here, the stipulation was signed by the appropriate parties inasmuch as Sanchez was not represented by counsel at the time.

The examiner's qualifications and the conditions under which the test was administered were presented in evidence. Also, Sanchez was afforded an opportunity to cross-examine the test examiner. However, no limiting instruction as to the weight of the testimony was given. Although Sanchez did not tender such an instruction, admissibility of the results are contingent upon the limiting instruction.

Because the admission of polygraph evidence is generally disfavored, *see Brown v. State* (1992), Ind., 587 N.E.2d 111, 113, the failure to give a limiting instruction as to use of the evidence cannot be harmless. Absent the limiting instruction, the jury may believe that an indication of deceptive answers is tantamount to guilt rather than one component in its assessment. As urged by Sanchez, the failure to comply with prerequisites to admission of the polygraph evidence requires reversal for a new trial.

Sanchez also contends that the evidence is insufficient to support the conviction because there was no evidence that he intended to satisfy his sexual desires. Sanchez is mistaken.

■ Courts reviewing sufficiency will neither weigh the evidence nor judge the credibility of witnesses and may consider only that evidence most favorable to the verdict, together with all reasonable inferences to be drawn therefrom. *Marshall v. State* (1993), Ind., 621 N.E.2d 308, 320. Here, A.W. unequivocally testified that on several occasions while her mother was out of the room, Sanchez ordered her to lie down on the couch at which time he would place his hand down the front of her pants under her underwear. Intent may be established by circumstantial evidence and inferred from conduct, and the natural and usual sequence to which such conduct usually points. *Pedrick v. State* (1992), Ind.App., 593 N.E.2d 1213, 1220. Sanchez's acts of repeatedly placing his hand on A.W.'s genital area, while her mother was out of the room, sufficiently establishes the element of intent. There being sufficient evidence to support the conviction, the cause may be retried.

The failure to properly instruct the jury on the limited use of the polygraph evidence requires reversal. Other issues raised by Sanchez are specific to the trial and need not be addressed in view of the reversal.

Reversed.

RUCKER, J., concurs;

STATON, P.J., dissents with opinion.

STATON, Presiding Judge, dissenting.

I respectfully dissent. The Majority correctly finds error in the trial court's failure to give a limiting instruction regarding the weight and effect of polygraph evidence. However, Sanchez waived this error when he failed to object to the court's final instructions and failed to tender a limiting instruction. *Lyons v. State* (1992), Ind.App., 600 N.E.2d 560, 567, *reh. denied.* While it is the duty of the trial court to properly instruct the jury, a defendant may not sit idly by while the court makes an error in instructing the jury and then argue on appeal that the error entitles him to a new trial. *Burton v. State* (1988), Ind., 526 N.E.2d 1163, 1165–1166. This rationale is especially applicable under the circumstances of this case, in which Sanchez expressly stipulated to the admission of the evidence in question.

The Majority states that because polygraph evidence is generally disfavored, the failure to give a limiting instruction cannot be harmless.[1] This reasoning assumes that the failure to give a limiting instruction is fundamental error. An error in instructing the jury will not circumvent our procedural rules unless the error is blatant, and the potential for harm is substantial and appears clearly on the face of the record. *Blackmon v. State* (1983), Ind., 455 N.E.2d 586, 590.

In this case, the potential for harm from omission of the specific instruction does not rise to the level of fundamental error. The trial court gave both a preliminary and a final instruction regarding the jury's exclusive role in determining the weight and cred-

ibility of the evidence. These instructions applied to all evidence under consideration, including the polygraph examiner's testimony. Moreover, the record otherwise supports Sanchez's conviction. The victim's testimony regarding the incidents of molestation was unequivocal and consistent in content and language with her prior statements. *See DeBruhl v. State* (1989), Ind.App., 544 N.E.2d 542, 546 (the uncorroborated testimony of the victim is sufficient to support a conviction).

The omission of a specific instruction under these circumstances was not blatant error, and did not deprive Sanchez of due process. Accordingly, defense counsel's failure to tender a limiting instruction waived the error on appeal. *Lyons, supra; Burton, supra.* Sanchez's conviction should be affirmed.

---

1. Our supreme court has dictated otherwise. In *Hare v. State* (1984), Ind., 467 N.E.2d 7, the trial court admitted into evidence the results of a polygraph examination, but later refused the defendant's limiting instruction. Our supreme

court concluded that although the limiting instruction should have been given, the error was harmless because the conviction was clearly supported by the record. *Id.* at 16.