Ronnie L. TITARA, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9409–PC–574.

Court of Appeals of Indiana.

Oct. 3, 1995.

Susan K. Carpenter, Public Defender of Indiana and Victoria Christ, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana and Lisa M. Paunicka, Deputy Attorney General, Indianapolis, for appellee.

## OPINION ON PETITION FOR REHEARING

RILEY, Judge.

We deny Titara's petition for rehearing; however, we write to acknowledge that *Sanchez v. State* (1995), Ind.App., 650 N.E.2d 734, a recent case from this court, cannot be reconciled with our decision.

■ In *Sanchez,* Judge Hoffman found that failing to give a jury a limiting instruction *sua sponte* regarding the results of a polygraph examination required reversal for a new trial.[1] Following *Davidson v. State* (1990), Ind., 558 N.E.2d 1077, 1085–1086, Judge Hoffman articulated the prerequisites for admission of polygraph test results, which included the following:

> 4) that the jury be instructed that at most, the examiner's testimony tends only to show whether the defendant was being truthful at the time of the examination, and that it is for the jury to determine the weight and effect to be given the polygraph evidence.

*Sanchez,* 650 N.E.2d at 736.

The four prerequisites for the admission of the results of polygraph tests were first set out in *State of Arizona v. Valdez* (1962), 91 Ariz. 274, 283, 371 P.2d 894, 900. This court adopted the *Valdez* standard in *Owens v. State* (1978), 176 Ind.App. 1, 3, 373 N.E.2d 913, 915. However, in *Owens,* as in *Valdez,* the language of the fourth prerequisite was articulated as:

> (4) That if such evidence is admitted the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate that at the time of the examination defendant was not telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given.

1. To the extent that failure to give the limiting instruction is fundamental error, we note that this court in *Wine v. State* (1994), Ind.App., 637 N.E.2d 1369, 1375, *trans. denied,* as well as the supreme court in Titara's direct appeal, found that the trial court's failure to instruct the jury on the weight to be given the polygraph results does not rise to the level of fundamental error. *Titara v. State* (1983), Ind., 447 N.E.2d 587, 588; *see also Sanchez,* 650 N.E.2d at 737 (Staton, P.J., dissenting).

*Id.* at 3, 373 N.E.2d at 915. Thereafter in *Pavone v. State* (1980), 273 Ind. 162, 402 N.E.2d 976, our supreme court approved the *Owens* standard without articulating it; *Id.* at 165, 402 N.E.2d at 978–79; and four years later, in *Hare v. State* (1984), Ind., 467 N.E.2d 7, our supreme court again laid out the *Owens* standard using the language stated above. *See Id.* at 16.

■ However, in *Davidson,* the supreme court restated the *Owens* standard, rephrasing the fourth prerequisite by omitting the initial phrases and, most importantly to our interpretation of the standard, omitting the word "should." *See Davidson,* 558 N.E.2d at 1085–86. A careful reading of *Davidson,* reveals that the issue discussed therein did not pertain to the fourth prerequisite, instead the supreme court was addressing the nature and content of the stipulation, which is the subject of the first prerequisite of the *Owens* standard. Thus, because the rephrasing of the fourth prerequisite was not necessary to the decision in *Davidson,* we consider such rephrasing to be dicta which we are not bound to follow. *See State v. Van Ulzen* (1983), Ind.App., 456 N.E.2d 459, 463.

Instead, we stand by our original opinion in this case in which we state:

> [B]ecause the *Owens*'s prerequisite speaks in terms of "should" and not "must," and because there was a general instruction given regarding the proper weight given to testimony by expert witnesses, we cannot say that counsel's failure to tender an instruction leads inevitably to a conclusion opposite that of the postconviction court.

*Titara v. State,* No. 49A02–9409–PC–574, slip op. at 5 (Ind.App. June 30, 1995).

Rehearing denied.

ROBERTSON, J., concurs.

RUCKER, J., dissents with separate opinion.

RUCKER, Judge, dissenting.

I respectfully dissent. I concurred in *Sanchez v. State* (1995), Ind.App., 650 N.E.2d 734, and still believe it is good law. We

should grant Titara's petition for rehearing and remand this case for retrial.