Raul SANCHEZ, Appellant,

v.

STATE of Indiana, Appellee.

No. 50S03–9508–CR–00928.

Supreme Court of Indiana.

Dec. 13, 1996.

Terry E. Johnston, Seven Napoleon, Valparaiso, for Appellant.

Pamela Carter, Attorney General, Meredith J. Mann, Deputy Attorney General, Indianapolis, for Appellee.

SELBY, Justice.

Defendant Raul Sanchez appeals his conviction for child molestation, a Class C felony. The Court of Appeals determined that there was sufficient evidence to support the conviction. Nevertheless, the Court reversed the conviction because it concluded that the trial court's failure to instruct the

jury on the probative value of evidence relating to a polygraph examination was reversible error. *Sanchez v. State,* 650 N.E.2d 734 (Ind.Ct.App.1995). We grant transfer to examine this issue.

After her parents' divorce, seven-year-old A.W. visited her mother's home on weekends. A.W.'s mother, M.W., lived with the defendant. During each of approximately five visits that A.W. made to the residence shared by M.W. and Sanchez, Sanchez molested A.W. Sanchez would direct A.W. to lie on a couch, and then he would place his hand down the front of A.W.'s pants, inside of her underwear. These incidents occurred while M.W. was in another room or in the shower. A.W. told her mother about the incidents, but to no avail. A.W. eventually told her father. He contacted authorities. The defendant was prosecuted and convicted of child molestation.

## DISCUSSION

The State contends that the Court of Appeals erred when it reversed Sanchez's conviction and ordered a new trial based upon the trial court's failure to instruct the jury regarding polygraph evidence. As part of its case, the State offered the results of a polygraph examination taken by Sanchez. Prior to trial, Sanchez had agreed to take the polygraph exam and had executed a stipulation agreeing to permit introduction of the polygraph results at trial. The trial court admitted evidence regarding this polygraph exam.

■ There are four prerequisites which must be met before the trial court may admit polygraph test results: 1) that the prosecutor, defendant, and defense counsel all sign a written stipulation providing for the defendant's submission to the examination and for the subsequent admission at trial of the results; 2) that notwithstanding the stipulation, the admissibility of the test results is at the trial court's discretion regarding the examiner's qualifications and the test conditions; 3) that the opposing party shall have the right to cross-examine the polygraph examiner if his graphs and opinion are offered in evidence; and 4) that the jury be instructed that, at most, the examiner's testimony tends

only to show whether the defendant was being truthful at the time of the examination, and that it is for the jury to determine the weight and effect to be given such testimony. *Davidson v. State,* 558 N.E.2d 1077, 1085 (Ind.1990). Sanchez did agree to the admissibility of the polygraph evidence before trial by signing a stipulation, and the Court of Appeals correctly concluded that the stipulation was valid. *Sanchez,* 650 N.E.2d at 736. Therefore, the first requirement was satisfied. Also, we agree with the Court of Appeals' conclusions that requirements two and three were met. *Sanchez,* 650 N.E.2d at 736. Thus, we focus solely on the question of the jury instruction of requirement four.

Prerequisite four requires the jury to be instructed that, "at most, the polygraph examiner's testimony tends only to show whether the defendant was being truthful at the time of the examination, and that it is for the jury to determine the weight and effect to be given such testimony." *Davidson v. State,* 558 N.E.2d at 1085. Previously, we have stated:

> [I]f [evidence of a polygraph exam] is admitted the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate that at the time of the examination defendant [was or] was not telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given.

*Hare v. State,* 467 N.E.2d 7, 16 (Ind.1984) (citing *Owens v. State,* 176 Ind.App. 1, 373 N.E.2d 913 (1978); *Arizona v. Valdez,* 91 Ariz. 274, 371 P.2d 894 (1962)).

■ Sanchez did not tender an instruction limiting the jury's use of polygraph evidence as anticipated by *Hare,* nor did he object to the trial court's failure to give such an instruction. Generally, a defendant who fails to object to the court's final instructions and fails to tender a competing set of instructions at trial waives a claim of error on appeal, unless the error identified rises to the level of fundamental error. *Burton v. State,* 526

N.E.2d 1163, 1165 (Ind.1988). Sanchez argues that, despite his failure to tender an instruction on the subject, and his failure to object to the absence of the instruction at trial, he has not waived the issue. He contends that his claim of error is not waived because the trial court committed fundamental error in failing to give a *Hare*-type instruction to the jury.

In effect, the Court of Appeals agreed with Sanchez's argument when it determined that "[b]ecause the admission of polygraph evidence is generally disfavored, the failure to give a limiting instruction as to the use of the evidence cannot be harmless." *Sanchez*, 650 N.E.2d at 736. As a result of its conclusion that the absence of a *Hare*-type instruction cannot be harmless, the court reversed Sanchez's conviction and ordered a new trial.

The Court of Appeals has misconstrued our ruling in *Hare*. In *Hare*, we reviewed a case in which, like here, polygraph evidence was admitted as a result of a valid stipulation, but without the proper limiting instruction. The defendant in *Hare* tendered a final instruction designed to limit the jury's application of the polygraph examiner's testimony. The trial court, however, refused the tendered instruction. This Court determined that the trial court should have given the defendant's tendered instruction. Nevertheless, we held that "errors in the giving and refusing of instructions are harmless where a conviction is clearly sustained by all of the other evidence presented before the jury." *Hare*, 467 N.E.2d at 16. Because the *Hare* conviction was supported by sufficient evidence of the defendant's guilt, this Court found that the error in failing to give the tendered instruction was harmless. *Id.* In light of *Hare*, the Court of Appeals' generalized statement, that "the failure to give a limiting instruction as to the use of [polygraph] evidence cannot be harmless[,]" goes too far.

■ We agree with Judge Staton's dissent that Sanchez waived his claim of error by not objecting to the jury instruction or tendering his own instruction at trial. As Judge Staton notes: "An error in instructing the jury will not circumvent our procedural rules [and amount to fundamental error] unless the er-

ror is blatant, and the potential for harm is substantial and appears clearly on the face of the record." *Sanchez*, 650 N.E.2d at 737 (Staton, J., dissenting) (citing *Blackmon v. State*, 455 N.E.2d 586, 590 (Ind.1983)). The trial court gave a preliminary and a final instruction to the jury identifying their exclusive role in determining the weight and credibility of the evidence, including evidence from any and all witnesses. Also, the record provides sufficient evidence upon which the jury could base its judgment. The victim testified clearly and unequivocally that Sanchez touched her genital area, and this testimony was consistent with prior statements she had made to her father. The potential for harm in this case is not so substantial as to justify an override of our procedural rule requiring a timely action by the defendant.

■ Sanchez raises additional issues which were not addressed by the Court of Appeals because its decision to reverse the trial court and remand for a new trial rendered those issues moot. Because we vacate the decision of the Court of Appeals, we will also review those unaddressed issues which Sanchez raised in his original appeal. *Kimberlin v. DeLong*, 637 N.E.2d 121, 123 (Ind.1994), *cert. denied*, —— U.S. ——, 116 S.Ct. 98, 133 L.Ed.2d 53 (1995). Consolidated, those issues are (1) whether Sanchez was competent to participate in his trial, and (2) whether Sanchez suffered ineffective assistance of counsel.

Sanchez claims that he was not competent to participate in trial because he was taking pain medication. Shortly before his trial, Sanchez underwent surgery on his shoulder. His physician prescribed pain medication, and Sanchez used this pain medication during his trial. He now argues that this medication interfered with his ability to concentrate, both during his own testimony and during the testimony of witnesses. During trial, Sanchez did not advise the court of his alleged disability.

Sanchez first raised the issue of his competency to participate in a Motion to Correct Errors, claiming that going to trial while taking the pain medication denied him a fair trial, due process of law, and his Sixth

Amendment right to effective representation. The trial court held an evidentiary hearing on the Motion to Correct Errors at which the defendant and his mother testified. The court reviewed audio tapes of the jury trial and concluded that:

> [T]here is no indication that the Defendant was under the influence of a narcotic that would have prevented him from aiding in his own defense. As a matter of fact, the responses that he frequently volunteered were rather remarkable as to the details that he could recall, which, although gratuitous, were favorable to his case in chief.

. . .

> The court could not recall from its independent [sic] recollection that there was any evidence of the Defendant having difficulty staying awake at the time of the trial. Having reviewed the audio tape the conclusion is that the matters set out in his Motion to Correct Errors are without merit and the Motion should be denied.

 When ruling on a Motion to Correct Errors, the trial court sits as the initial fact finder on the issues raised. We review the trial court for an abuse of discretion. *Gibbs v. State*, 483 N.E.2d 1365, 1367 (Ind. 1985). We conclude here that the trial court did not abuse its discretion in denying the motion. The court reviewed and considered the trial testimony given by Sanchez. The trial court recalled Sanchez's demeanor, and noted that he had presented no evidence (other than the defendant's own self-serving testimony) that he had informed his trial counsel of the alleged difficulties that he was having at trial. The trial court's decision was based on a careful review of the record, and does not constitute an abuse of discretion.

 The second issue not reached by the Court of Appeals was defendant's claim of ineffective assistance of trial counsel. The United States Supreme Court has established a two-part standard to evaluate claims of ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To succeed in an ineffective assistance of counsel claim, the defendant must first show that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. The defendant must then show that his counsel's substandard performance was so prejudicial as to deny the defendant a fair trial. *Lawrence v. State*, 464 N.E.2d 1291, 1294 (Ind.1984) (adopting *Strickland v. Washington*). Only when a conviction occurs as a result of a breakdown in the adversarial process rendering the trial result unreliable is a defendant denied a fair trial. *Siglar v. State*, 541 N.E.2d 944, 946 (Ind.1989). To demonstrate that a trial result is unreliable, a defendant must show that, but for counsel's unprofessional errors, the result would have been different. *Miller v. State*, 541 N.E.2d 260, 262 (Ind.1989).

Defendant Sanchez cites several events during trial which, he argues, demonstrate that he received ineffective assistance of counsel. He argues (1) that trial counsel was ineffective in that counsel failed to object to an instruction regarding circumstantial evidence of intent to molest, (2) that trial counsel was ineffective because he failed to offer an instruction on battery as a lesser included offense of the crime charged, (3) that counsel was ineffective for failing to tender the polygraph examination limiting instruction discussed above, and (4) that counsel was ineffective for failing to object to cross-examination questions regarding a prior polygraph examination that the defendant had taken.

Sanchez first takes issue with that portion of Final Instruction No. 2 which told the jury that intentional touching of the genital area "justifies an inference that the defendant acted with the intent to arouse or satisfy sexual desires." (R. at 48). Sanchez claims that this instruction denied him due process and improperly shifted the burden of proof from the State to him on the issue of intent. He argues that the instruction is only proper if it contains the word "voluntary," *i.e.*, a "*voluntary* touching of the genital area."

 To succeed on a claim that counsel was ineffective for failure to make an objection, the defendant must demonstrate that if such objection had been made, the court would have had no choice but to sustain it. *Oglesby v. State*, 515 N.E.2d 1082 (Ind.1987).

Intentional touching of the genital area can be circumstantial evidence of intent to arouse or satisfy sexual desires. *Brady v. State,* 540 N.E.2d 59, 72 (Ind.Ct.App.1989), *opinion vacated on other grounds,* 575 N.E.2d 981 (Ind. 1991); *Pedrick v. State,* 593 N.E.2d 1213, 1220 (Ind.Ct.App.1992); *Short v. State,* 564 N.E.2d 553, 559 (Ind.Ct.App.1991). Because the instruction as given was a correct statement of the law, we do not believe that an objection would have been sustained. Had defense counsel objected to this instruction, the objection would have been overruled. Sanchez does not demonstrate that counsel was ineffective in failing to object to Jury Instruction No. 2.

Defendant Sanchez next claims that his trial counsel was ineffective for failing to tender an instruction on the lesser included offense of battery. In deciding whether counsel was ineffective for failure to tender an instruction on battery, we must determine whether Sanchez could have been convicted of battery as a lesser offense. We look first to whether the offense of battery is included within the charged crime of child molesting, and second to whether an instruction on battery would have conformed to the evidence presented at trial. *Hopper v. State,* 489 N.E.2d 1209, 1214 (Ind.Ct.App.1986), *cert. denied,* 479 U.S. 992, 107 S.Ct. 592, 93 L.Ed.2d 593 (1986). To justify a lesser included battery instruction, there must exist "evidence before the jury such that it could conclude the lesser included offense was committed while the greater one was not." *Pedrick,* 593 N.E.2d at 1216.

When no evidence exists to warrant a conviction for the lesser included offense, the trial court can properly refuse the instruction request. *Brackens v. State,* 480 N.E.2d 536, 540 (Ind.1985). In *Brackens,* a seven-year-old victim testified that the defendant had sexually molested her. The defendant denied having committed the acts or having touched the victim on the day of the offense. The court held that "an instruction for battery ... would have been inconsistent with the evidence presented by both the State and the defense and would only have suggested a compromise verdict. It was, therefore, properly refused." *Id.* at 541.

The case at bar presents an almost identical situation. The victim claimed that the defendant placed his hands inside her pants, touching her genital area. She also claimed that the touching occurred on multiple occasions and only when no one else was around. The defendant claims that the improper contacts with A.W. never occurred, and that he was never alone with her. Because the evidence presented at trial did not support an instruction on the lesser included offense of battery, defense counsel could not be expected to tender such an instruction.

Sanchez also argues that trial counsel was ineffective for failure to tender the polygraph examination limiting instruction discussed above, thereby depriving Sanchez of a reliable trial result. Defendant fails, however, to demonstrate that this alleged error denied him a fair trial or placed the verdict in doubt. To demonstrate that a trial result is unreliable, a defendant must show that, but for counsel's unprofessional errors, the result would have been different. *Miller v. State,* 541 N.E.2d 260, 262 (Ind.1989). Sanchez does not demonstrate that, if the limiting instruction had been given, the outcome would have been any different.

Finally, and for similar reasons as above, we cannot agree that Sanchez's trial counsel was ineffective for failing to object to cross-examination questions regarding a prior polygraph examination that the defendant had taken. At trial, Sanchez's counsel failed to object to testimony regarding the fact that Sanchez had taken and passed a lie-detector test on a previous occasion. However, even if trial counsel had objected, and that objection had been sustained, nothing in this record suggests that a different verdict might have occurred. Moreover, trial counsel's decision not to object can be attributed to a strategy designed to minimize the impact of the polygraph results. Tactical decisions are left to trial counsel. These decisions do not render trial counsel's representation ineffective. *Garrett v. State,* 602 N.E.2d 139, 142 (Ind.1992). We will not, after the fact, speculate about whether a different strategy might have been

more effective. *Fugate v. State,* 608 N.E.2d 1370 (Ind.1993).

Defendant fails to demonstrate how any of these events denied him a fair trial. He fails to show that, but for his trial counsel's actions, the outcome of the trial would have been different. *Miller, supra.* None of the claims raised demonstrate that Sanchez's trial counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. None of defendant's trial counsel's actions demonstrate substandard performance so prejudicial as to deny the defendant a fair trial. Thus, he fails to demonstrate that his trial counsel's actions violate the requirements set out in *Strickland v. Washington.* We conclude that Sanchez's trial counsel was not unconstitutionally ineffective.

## CONCLUSION

Because Sanchez raises no reversible error, we vacate the Court of Appeals' decision and affirm the decision of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN, and BOEHM, JJ., concur.