
FILED

Dec 29 2016, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Reginald Seville Harris,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 29, 2016

Court of Appeals Case No.
45A03-1605-CR-1168

Appeal from the Lake Superior
Court

The Honorable Salvador Vasquez,
Judge

Trial Court Cause No.
45G01-1412-F5-41

**Brown, Judge.**

[1] Reginald Seville Harris appeals his conviction for battery against a public safety official as a level 5 felony. Harris raises one issue which we revise and restate as whether the trial court abused its discretion in admitting testimony regarding a handgun. We affirm.

[2] The State charged Harris with battery against a public safety official as a level 5 felony and resisting law enforcement as a level 6 felony stemming from an altercation that he and his girlfriend, Summer Snow, had with a Gary police officer at Snow's house. Snow and Harris were represented by the same attorney and were tried together in a jury trial. At trial, the court admitted Gary Police Officer Terry Peck's testimony that Snow reported to him that Harris was in her vehicle and refused to leave and that, when he asked Snow if she had any weapons, she stated no. Officer Peck testified that he opened the door and told Harris that he needed to leave the car, that Harris refused, that he placed his hand on Harris's arm and urged him to exit the car, and that Harris grabbed his wrist, pulled him halfway into the car, and struck him in the face, the side of his body and head, and his arms. Officer Peck testified he eventually broke free from Harris, pulled him from the car, and placed him in handcuffs in his police vehicle. He testified that Snow continued to shout at him despite warnings to stop, that he eventually ordered her to place her hands on the car, and that she refused.

[3] The court also admitted Officer Peck's testimony that, when he tried to grab Snow's wrists, she pulled away from him and placed or tucked her hands underneath her sweatshirt or the light jacket she was wearing, that when he

grabbed one of her arms and placed that arm into cuffs he felt an object hit his knee and the top of his boot, that he struggled a little longer to subdue Snow and place her in handcuffs, and that he and another law enforcement officer who arrived at the scene discovered that the object that had fallen to the ground was a handgun, which belonged to Snow. The jury found Harris guilty as charged. The trial court merged the count for resisting law enforcement with the count for battery against a public safety official, entered judgment for battery against a public safety official as a level 5 felony, and sentenced Harris to two and one-half years, all suspended to probation.

[4] Harris argues the trial court erred in admitting evidence that Snow had a gun during her altercation with Officer Peck and that the presence of the handgun has no relevance to the question of his guilt or innocence. In an opinion issued today in Snow's case, we find that the trial court did not abuse its discretion in admitting evidence of the presence of the gun at the joint trial. *See Snow v. State*, No. 45A03-1605-CR-1175 (Ind. Ct. App. December 29, 2016). Harris does not argue or point to the record to show that he sought and was denied a separate trial. We note, similar to our observation in *Snow*, that the jury heard extensive testimony regarding the actions of Harris which support his conviction, that it is unlikely that the jury was significantly influenced by the testimony regarding the discovery of Snow's gun in light of the other evidence regarding Harris's actions, and that any error in admitting the testimony regarding the presence of the gun was, at most, harmless.

[5] For the foregoing reasons, we affirm Harris's conviction.

Affirmed.

Bradford, J., concurs.

Vaidik, C.J., dissents with separate opinion.

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Reginald Seville Harris, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 29, 2016 <br><br> Court of Appeals Case No. 45A03-1605-CR-1168 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. 45G01-1412-F5-41 |

**Vaidik, Chief Judge, dissenting.**

[7]     I respectfully dissent. For the same reasons explained in my dissent today in the case of Harris' co-defendant, Summer Snow, I believe that the trial court abused its discretion in admitting evidence about a handgun (which belonged to Snow) that was found in Snow's driveway **after** both Snow and Harris were in

custody. Although the majority finds that the error is harmless in light of the other evidence of Harris' guilt, I disagree because the issue of guilt in this joint trial boiled down to whose version of events to believe: Officer Peck's version or Snow and Harris' version. The gun—which Snow never used or brandished during the altercation and, in any event, which Snow legally possessed—and the State's emphasis on the gun, including the inflammatory (and misleading) fact that it was "unregistered," colored the jury's perception of Snow and Harris and led the jury to believe Officer Peck's version of events. I would therefore reverse Harris' conviction for Level 5 felony battery against a public safety official and remand this case for a new trial.