ATTORNEYS FOR APPELLANT
Kristin A. Mulholland
Office of the Public Defender
Crown Point, Indiana

Mark A. Bates
Schererville, Indiana

ATTORNEYS FOR APPELLEE
Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine M. Cooper
Andrew A. Kobe
Deputy Attorneys General
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jun 22 2017, 1:19 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 45S03-1703-CR-172

REGINALD HARRIS,

*Appellant (Defendant),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff).*

Appeal from the Lake Superior Court Criminal Division 1, No. 45G01-1412-F5-41
The Honorable Salvador Vasquez, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 45A03-1605-CR-1168

**June 22, 2017**

**Rush, Chief Justice.**

Reginald Harris and his girlfriend, Summer Snow, separately appeal their convictions for battery against a public safety official and resisting law enforcement. They each challenge the admission of Snow's gun at their joint trial, arguing that it was not relevant and that its unfair prejudice made it inadmissible. For the reasons given in Snow's case—issued today as a companion opinion—the trial court was within its discretion to admit the gun. And though the

gun was not relevant to Harris's crimes, he failed to seek a separate trial or a limiting instruction—thus waiving any argument that the gun's admission denied him a fair trial. We affirm his convictions.

### Facts and Procedural History

After fighting with police officer Terry Peck, Reginald Harris and Summer Snow were convicted of battery against a public safety official and resisting law enforcement. Since we give the full facts in today's companion opinion, Snow v. State, No. 45S03-1703-CR-169, ___ N.E.3d ___, slip op. at 2–4 (June 22, 2017), we summarize them here.

Early one November morning, Summer Snow was fighting with her boyfriend, Reginald Harris. After she kicked him out of her house, he went to the driveway and sat in her car. Snow tried to kick him out of her car as well, calling the police when he refused to leave.

Officer Terry Peck responded, and asked Harris to step out of the vehicle. Harris refused, so Peck tried to remove him—resulting in a scuffle where Harris pulled Peck into the car and hit him repeatedly. Officer Peck eventually handcuffed Harris and locked him in the back of a patrol car. After fighting with Snow, Officer Peck arrested her as well. As he did so, a gun she was carrying fell, hit his knee and boot, and landed on the ground.

The State charged Harris with Level 5 felony battery against a public safety official and Level 6 felony resisting law enforcement.[1] Neither Harris nor Snow was charged with a gun-related offense. At the ensuing joint jury trial, the same attorney represented both Snow and Harris. The State introduced the gun into evidence over the defendants' objection, and the jury found Harris guilty as charged.

Harris and Snow separately appealed, challenging the gun's admission at trial. The Court of Appeals affirmed Harris's convictions in a split decision. Harris v. State, 66 N.E.3d 628, 629 (Ind. Ct. App. 2016). Harris petitioned for transfer, arguing that the Court of Appeals incorrectly

---

[1] The State charged Snow with two counts of Level 5 felony battery against a public safety official, and one count each of Level 6 felony resisting law enforcement and Class B misdemeanor disorderly conduct. She was convicted of one count of Level 5 battery against a public safety official and Level 6 felony resisting law enforcement. We affirm her convictions in today's companion opinion, Snow v. State, No. 45S03-1703-CR-169, ___ N.E.3d ___ (June 22, 2017).

applied the defunct *res gestae* standard. The State did not respond. We granted transfer, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A).

## Standard of Review

The trial court admitted Snow's gun over Harris and Snow's objection; we review this evidentiary ruling for an abuse of discretion. Zanders v. State, 73 N.E.3d 178, 181 (Ind. 2017). Harris also alleged at oral argument that the gun's admission denied him a fair trial. Because he waived this claim, we review it for fundamental error—an "extremely narrow exception to the waiver rule" where Harris bears the heavy burden of showing that a fair trial was impossible. Gibson v. State, 51 N.E.3d 204, 212 (Ind. 2016).

## Discussion and Decision

As we hold in our companion Snow opinion, *res gestae* is not proper grounds for the admission of evidence. Slip op. at 5–6. Instead, we look to our Rules of Evidence, and under those rules it was within the trial court's discretion to admit Snow's gun into evidence. Id. So we reject Harris's argument that admitting the gun was error.

Harris also claimed for the first time at oral argument that because the gun was not relevant to his charges, its admission prejudiced his right to a fair trial. Harris is correct that the gun has no relevance to the charges: he was sitting handcuffed in the back seat of a patrol car before the gun made its way onto the scene.

But Harris has waived his fair trial argument for two reasons. First, issues are waived when raised for the first time at oral argument. Humphrey v. State, 73 N.E.3d 677, 687 n.2 (Ind. 2017). And second, Harris did not take any steps in the trial court to distance himself from Snow's case or her handgun. He never moved for a separate trial from Snow's, "thereby waiving his right to a separate trial." Fredrick v. State, 755 N.E.2d 1078, 1081 (Ind. 2001). He also never requested a limiting instruction telling the jury to consider Snow's gun only for her charges. See Sanchez v. State, 675 N.E.2d 306, 308–09 (Ind. 1996) (finding a claim waived when the defendant neither tendered a limiting instruction nor objected to the trial court's final instructions); Sims v. Pappas, 73 N.E.3d 700, 707 (Ind. 2017) ("Importantly, the party seeking to limit the evidence has the duty to request the instruction.").

Because Harris waived this argument, he can prevail only by meeting the "daunting" fundamental error standard. Griffith v. State, 59 N.E.3d 947, 956 (Ind. 2016). This requires him to show that the trial court should have raised the issue *sua sponte* due to a blatant violation of basic and elementary principles, undeniable harm or potential for harm, and prejudice that makes a fair trial impossible. Shoun v. State, 67 N.E.3d 635, 640 (Ind. 2017); Knapp v. State, 9 N.E.3d 1274, 1281 (Ind. 2014).

We cannot find fundamental error—or any error—in the trial court's decision not to give a limiting instruction *sua sponte*. The trial court has "no affirmative duty to consider giving an admonishment in the absence of a party's request." Washington v. State, 808 N.E.2d 617, 624–25 (Ind. 2004) (citing Smith v. State, 721 N.E.2d 213, 216 (Ind. 1999)); see also Sims, 73 N.E.3d at 707. And the trial court, at both the beginning and end of trial, instructed the jury as follows:

> Although the defendants are being tried jointly, you must give separate consideration to each defendant. In doing so, you must analyze what the evidence in the case shows with respect to each defendant. Each defendant is entitled to have their case decided on the evidence and the law applicable to them.

The jury, then, was appropriately instructed—especially since Harris did not request a limiting instruction.

## Conclusion

As we hold in Snow, the trial court was within its discretion to admit the gun. Harris cannot show any error—much less fundamental error—to overcome the waiver of his unfair trial argument. We thus affirm the trial court.

David, Massa, and Slaughter, JJ., concur.