## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2018, 10:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David E. Mosley
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dennis L. Zollman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 18, 2018

Court of Appeals Case No.
31A01-1711-CR-2646

Appeal from the Harrison Superior Court

The Honorable Joseph L. Claypool, Judge

Trial Court Cause No.
31D01-1612-FA-858

**Najam, Judge.**

# Statement of the Case

Dennis L. Zollman appeals his convictions for twelve counts of child molesting, each as a Class A felony, and four counts of child exploitation, two of which were Class C felonies and two of which were Level 5 felonies. Zollman raises five issues for our review, which we restate as the following two issues:

1. Whether Zollman's arguments of fundamental error in the admission of certain evidence or the instruction of the jury are available on appeal.

2. Whether one of Zollman's convictions for child exploitation, as a Class C felony, violates Indiana's prohibitions against double jeopardy.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

On July 18, 2017, the State filed an amended information against Zollman in which the State alleged that he had committed twelve counts of child molesting and four counts of child exploitation against minor girl L.B. At the ensuing jury trial, L.B. testified to at least sixteen unique acts of oral sex, attempted anal sex, and various acts of fondling that Zollman had performed on her or had made her perform on him. *See* Tr. Vol. 4 at 33-70. She was also clear that those specific instances were not inclusive and that numerous other acts of molestation had occurred, though she could not remember their exact details. During some of those acts, Zollman displayed pornography to L.B. or took illicit photographs of L.B.

[4]     During the course of the trial, the State sought to admit two recorded forensic interviews of L.B.  Zollman informed the court that he had "no objection" to the admission of either interview.  Tr. Vol. 2 at 166, 236.  The State also sought to admit pornography seized from Zollman's residence and cell phone.  Zollman again informed the court that he had "[n]o objection" to the admission of that evidence.  Tr. Vol. 3 at 140, 177, 223-24.

[5]     During the prosecutor's closing argument, he informed the jury that, as to Counts 13 and 14, the two Class C felony child exploitation allegations, only one could be a viable conviction.  In particular, the prosecutor noted that both of those counts were based on a single photograph, but it was not clear whether the photograph was of L.B. or of a third party.  As such, the prosecutor informed the jurors that, "[i]f you believe that . . . that is a photo of [L.B.] . . . , I ask you to find [Zollman] guilty on Count 13 . . . .  [However,] if you don't believe that to be a photo of [L.B.]" but instead of "some other poor girl, I . . . ask you to find [Zollman] guilty of Count 14 . . . ."  Tr. Vol. 5 at 51.

[6]     The trial court then instructed the jury.  As to the twelve counts of child molesting, the court accepted Zollman's proffered final instructions and tendered them to the jury.  The jury then found Zollman guilty on all counts, and the trial court entered its judgment of conviction on all counts and sentenced Zollman to an aggregate term of eighty-eight years.  This appeal ensued.

# Discussion and Decision

## *Issue One: Fundamental Error*

[7]     We first address Zollman's arguments on appeal that the trial court committed fundamental error when it admitted into evidence the two recorded forensic interviews, when it admitted into evidence pornography seized from Zollman's residence and cell phone, and when the court instructed the jury. To show fundamental error on appeal, Zollman must "'show that the trial court should have raised the issue *sua sponte* due to a blatant violation of basic and elementary principles, undeniable harm or potential for harm, and prejudice that makes a fair trial impossible.'" *Taylor v. State*, 86 N.E.3d 157, 162 (Ind. 2017) (quoting *Harris v. State*, 76 N.E.3d 137, 140 (Ind. 2017)). "A 'finding of fundamental error essentially means that the trial judge erred . . . by not acting when he or she should have,' even without being spurred to action by a timely objection." *Brewington v. State*, 7 N.E.3d 946, 974 (Ind. 2014) (quoting *Whiting v. State*, 969 N.E.2d 24, 34 (Ind. 2012) (omission original to *Brewington*).

[8]     However, the invited error doctrine forbids a party from taking advantage of an error that he "commits, invites, or which is the natural consequence of [his] own neglect or misconduct." *Id.* at 975. Invited error is not fundamental error and generally is not subject to appellate review. *See Cole v. State*, 28 N.E.3d 1126, 1136 (Ind. Ct. App. 2015) (quoting *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995)). When a defendant affirmatively states that he has "no objection" to proffered evidence, he invites any error in its admission. *Halliburton v. State*, 1 N.E.3d 670, 678-79 (Ind. 2013).

[9] Here, as shown above, Zollman repeatedly informed the trial court that he had no objection to the now-complained-of evidence.[1] Further, the jury instructions he now complains of were his own. Thus, he invited any error on these issues, and we will not consider them on appeal.[2] *Cole*, 28 N.E.3d at 1136.

### *Issue Two: Double Jeopardy*

[10] Zollman next asserts that his convictions for child exploitation violate Indiana's prohibitions against double jeopardy. We agree with respect to Counts 13 and 14. The prosecutor plainly charged those two Counts in the alternative based only on State's Exhibit 25, a point the State properly concedes on appeal. Tr. Vol. 5 at 51. As that photograph could not support both Count 13 and Count 14, we reverse Zollman's conviction for child exploitation, as a Class C felony, as charged in Count 14. *See, e.g.*, *Bradley v. State*, ___ N.E.3d ___, No. 87A01-1711-CR-2584, 2018 WL 5578874, at *5-7 (Ind. Ct. App. Oct. 30, 2018), *not yet certified*. We remand with instructions for the trial court to vacate the conviction and sentence for Count 14 and to resentence Zollman accordingly.

---

[1] In his brief, Zollman includes an extended excerpt of witness testimony as it relates to the pornography evidence, which the State responds to on appeal. However, we conclude that this excerpt is not a freestanding claim of error but an attempt by Zollman to demonstrate prejudice from the admission of the pornography. Further, we agree with the State that Zollman's apparent assertions of error in the trial court's denial of his motion for a directed verdict is not supported by cogent reasoning, and we do not consider it. *See* Ind. Appellate Rule 46(A)(8)(a).

[2] We may consider an invited error when "the interests of justice" require it. *Durden v. State*, 99 N.E.3d 645, 656 (Ind. 2018). Zollman does not argue on appeal that that exception applies, and the record would not support such an argument.

However, Zollman argues that his remaining child exploitation convictions were also each based on State's Exhibit 25. Zollman is plainly incorrect; State's Exhibits 25, 26, and 27 were each a different illicit photograph of a minor girl, and each photograph established an independent basis for each of Zollman's valid child exploitation convictions.

In sum, we do not address Zollman's claims of fundamental error, and we affirm all of his convictions except his conviction on Count 14. We reverse his conviction on that Count and remand with instructions for the trial court to vacate that conviction and to resentence Zollman accordingly.

Affirmed in part, reversed in part, and remanded with instructions.

Crone, J., and Pyle, J., concur.